# EXHIBIT 3

# AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn, depose and say:

1.  I am over the age of twenty-one and understand the obligation of an oath.

2.  I have personal knowledge of the facts hereinafter set forth.

3.  My current address is ███████████ Hollywood, MD 20636. My date of birth is ███ 1942 and my social security number is ███5981.

4.  The affidavit I am about to give concerns my duties while working as a machinist.

5.  ████████████████████████████████████████████████

6.  ████████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7.  ████████████████████████████████████████████████ materials that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8.  On or about or about 2/19/2006, I was diagnosed with mesothelioma.

9.  This information is not meant to be all inclusive and may be supplemented in the future.

_____
Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this __1__ day of Nov, 2008

_____
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27444

## AFFIDAVIT OF JUSTIN WHITE
## FOR CHARLES C. WHITE

I, Justin White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligations of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. I currently reside at ▇▇▇▇▇▇▇ Southern Pines NC 28387.

4. The affidavit I am about to give concerns my late father, Charles C. White. His date of birth is ▇▇▇ 1942 and he passed away on 3/8/2009.

5. It is my best recollection that my father used exposed to Synkoloid Triple Duty Joint Compound from 1974-1978 while completing household repairs and renovations at our home located at 8 Dekalb Street, Academy Park, Portsmouth, VA.

6. I was present and in the vicinity during the household renovations and repairs and observed my father's use of this product, which created dust which he inhaled.

7. Charles C. White was diagnosed with Mesothelioma on or about 2/19/2006.

8. I have recalled the above information to the best of my knowledge.

9. This information is not claim to be all-inclusive and may be supplemented in the future.

_Justin White_
Justin White

STATE OF: NC
COUNTY OF Cumberland

Then came Justin White before me on this 21 day of May, 2010 and declared the foregoing to be his free act and deed.

_Erin L. Azzarelli_
Notary Public
My commission expires: August 22, 2012

SIMON 27460

# AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ▮▮▮▮▮▮▮▮▮, Hollywood, MD 20636. My date of birth is ▮▮▮1942 and my social security number is ▮▮▮5981.

4. The affidavit I am about to give concerns my duties while working as a machinist.

5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. ▮▮▮▮▮▮▮▮▮▮, I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8. On or about or about 2/19/2006, I was diagnosed with mesothelioma.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_ (signature)
Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this ___1___ day of Nov, 2008

_Elizabeth A. Ferguson_ (signature)
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27480

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is █████████████ Hollywood, MD 20636. My date of birth is ███ 1942 and my social security number is █████-5981.

4. The affidavit I am about to give concerns my exposure to asbestos-containing products manufactured by Armstrong World Industries.

5. It is my best recollection that I used Armtrong Accopac Asbestos Paper, Heavy Duty FRJ, Ring Facing Material and Sheet Gasketing Material. ████████████████

6. Use of these products created dust, which I inhaled.

7. On or about February 19, 2006 I was diagnosed with mesothelioma.

8. I have recalled the above information to the best of my knowledge.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White signature_

Charles C. White

State of: Maryland

County of: St Marys

Subscribed and sworn to before me on this _26_ day of _September_, 2007.

_Notary signature_

Notary Public

My Commission Expires: 8-17-07

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is 4███████████ Hollywood, MD 20636. My date of birth is ████1942 and my social security number is ████5981.

4. ████████████████████████████████████████████

5. ████████████████████████████████████████████

6. ████████████████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of insulators, repairmen and other tradesmen.

7. On or about or about 2/19/2006, I was diagnosed with mesothelioma.

8. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_

Charles C. White

STATE OF:
COUNTY OF:
Subscribed and sworn to before me this _12th_ day of _August_ 2008

_Notary signature_

Notary Public
My commission expires: May 1, 2010

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27977

**AFFIDAVIT OF CHARLES C. WHITE**

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ██████████████, Hollywood, MD 20636. My date of birth is ████942 and my social security number is ████5981.

4. ████████████████████████████████████

5. ████████████████████████████████████

   ████████████

6. ████████████████████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of insulators, repairmen and other tradesmen.

7. On or about or about 2/19/2006, I was diagnosed with mesothelioma.

8. This information is not meant to be all inclusive and may be supplemented in the future.

_____
Charles C. White

STATE OF:
COUNTY OF:
Subscribed and sworn to before me this _12th_ day of _August_ 2008

_____
Notary Public
My commission expires: May 1. 2010

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27505

## AFFIDAVIT

STATE OF MARYLAND

COUNTY OF ST. MARY'S

BEFORE ME, the undersigned authority, on this day personally appeared Charles White, who, upon his oath, did state, swear, and affirm:

I am over 18 years of age, am competent to testify, have never been convicted of a crime, and have personal knowledge of the facts stated herein.

I have been diagnosed with malignant mesothelioma. My doctors have confirmed to me that my cancer was caused by asbestos exposure. In addition to asbestos exposure in the , I was exposed to asbestos while doing home renovation work. For example, in the late 1960's and early 1970's, I recall using Georgia Pacific Joint Compound in the dry powder form. I recall repeatedly mixing, sanding, and sweeping Georgia Pacific joint compound. All of these activities created a visible dust that I breathed.

Charles White

SUBSCRIBED AND SWORN TO BEFORE ME on this _28_ day of
_June_____, 2006.



Notary Public

PLAINTIFF'S
EXHIBIT
8

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn, depose and say:

1.  I am over the age of twenty-one and understand the obligation of an oath.

2.  I have personal knowledge of the facts hereinafter set forth.

3.  My current address is ▓▓▓▓▓▓▓▓▓, Hollywood, MD 20636. My date of birth is ▓▓▓ 1942 and my social security number is ▓▓▓-5981.

4.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6.  As a machinist at this site, I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ materials that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8.  On or about or about 2/19/2006, I was diagnosed with mesothelioma.

9.  This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_ (signature)

Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this __1__ day of Nov, 2008

_Elizabeth A. Ferguson_ (signature)
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27575

## Attorney Declaration
## Verified Certification of In Personam Jurisdiction

I am Michael J. Mandelbrot, attorney for **Charles White, SSN:** ▓▓▓ **5981**, claimant who has submitted an asbestos-related claim with the J.T. Thorpe, Inc. Settlement Trust.

I make this declaration in support for the Trust's requirements that Claimant could have commenced litigation seeking compensation for Claimant's asbestos related injury in a jurisdiction where one of the Debtors (J.T. Thorpe, Inc., a California corporation, J.T. Thorpe, a dissolved California corporation, or Thorpe Technologies Inc, a California Corporation) was subject to in personam jurisdiction. The jurisdiction that Claimant's lawsuit could have been filed is **California.**

The facts, upon which I believe that the claimant would have met the in personam jurisdiction requirement as stated in the J.T. Thorpe, Inc., a California corporation J.T. Thorpe, a dissolved California corporation, Thorpe Holding Company, a California corporation, or Thorpe Technologies Inc, a California corporation Asbestos Personal Injury Settlement Trust Distribution Procedures Section 5.1, are the following: ▓▓▓

▓▓▓ Claimant performed and observed extensive work both inside and outside of boilers during repair and maintenance. This work included the mixing, installation and chipping of refractory products, scraping of gaskets and handling and cleaning of other asbestos-containing boiler materials. During this time, claimant was exposed to J.T. Thorpe, Inc. asbestos products.

I declare under penalty of perjury under the laws of the United States of America that I am informed and believe, based upon credible information available to me, including the attached information submitted in support of this claim, that the foregoing is true and correct.

Executed at Novato, California

December 16, 2009

MICHAEL J. MANDELBROT

SIMON 27821

## DECLARATION IN SUPPORT OF J.T. THORPE, INC. ASBESTOS TRUST CLAIM

I, Barbara Lorton, declare the following to be true and correct. I have personal knowledge to the information below from extensive discussions with my husband about his work.

1. I was born on ▓▓▓▓ ░ 1941 and am currently 67 years old.
   Chas ░ 1942    66

2. I currently reside in Maryland.

3. I was married to Decedent Charles C. White.

4. On 3/8/2009, Decedent Charles C. White died as a result of exposure to asbestos. As indicated below, Decedent Charles C. White was exposed to asbestos while working in and around the ▓▓▓▓ ▓▓▓▓ from 4/17/1967 until 12/29/1967.

5. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Signed under the penalty of perjury under the laws of the State of Maryland.

Barbara Lorton                6-18-09
_____              _____
Name                          Date

SIMON 27822

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ██████████████, Hollywood, MD 20636. My date of birth is ████ 1942 and my social security number is ████ 5981.

4. The affidavit I am about to give concerns my duties while working as a machinist.

5. ██████████████████████████████████████████████

6. ██████████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7. ████████████████████████████████████ materials that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8. On or about or about 2/19/2006, I was diagnosed with mesothelioma.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_(signature)_
Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this ___1___ day of Nov, 2008

_(signature)_
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27998

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is 4▮▮▮▮▮▮▮▮▮, Hollywood, MD 20636. My date of birth is ▮▮▮▮▮1942 and my social security number is ▮▮▮▮5981.

4. The affidavit I am about to give concerns my exposure to asbestos-containing products manufactured by National Gypsum.

5. It is my best recollection that I used Gold Bond Asbestos Permaboard, Gold Bond Asbestos Panels, Gold Bond Plaster, Gold Bond Texture Paint and Gold Bond Joint Compounds. I used these products during household renovations that I completed in the early to mid 1960s at my home located on 636 Crossland Drive, Chesapeake, VA.

6. Use of these products created dust, which I inhaled.

7. On or about February 19, 2006 I was diagnosed with mesothelioma.

8. I have recalled the above information to the best of my knowledge.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_____
Charles C. White

State of: Maryland

County of: St marys

Subscribed and sworn to before me on this _25_ day of _September_, 2007.

_____
Notary Public
My Commission Expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

SIMON 28012

**AFFIDAVIT OF CHARLES C. WHITE**

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ████████████, Hollywood, MD 20636. My date of birth is ████ 1942 and my social security number is ████ 5981.

4. The affidavit I am about to give concerns my duties while working as a machinist.

5. ███████████████████████████████████████████████

6. ████████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7. ███████████████████████████████████████████████ materials that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8. On or about or about 2/19/2006, I was diagnosed with mesothelioma.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_ (signature)

Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this __1__ day of _Nov_, 2008

_Elizabeth A Ferguson_ (signature)
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY & STRAUSS, L.L.C.**
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27609

**AFFIDAVIT OF CHARLES C. WHITE**

I, Charles C. White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ███████████ Hollywood, MD 20636. My date of birth is ███ 1942 and my social security number is ███ 5981.

4. The affidavit I am about to give concerns my duties while working as a machinist.

5. ████████████████████████████████████████████

6. ████████████ I was exposed to asbestos containing materials such as, but not limited to, fireproofing, boilers, pipecovering, block, cement, gaskets, insulation and refractory, while working with and in the vicinity of pipe-workers, insulators, repairmen and other tradesmen.

7. ████████████████████████████████ materials that I worked on includes but is not limited to pipe-covering, gaskets, insulation and boilers. My work with these products created dust that I inhaled.

8. On or about about 2/19/2006, I was diagnosed with mesothelioma.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_
Charles C. White

STATE OF: Maryland
COUNTY OF: St. Mary's
Subscribed and sworn to before me this __1__ day of Nov, 2008

_Elizabeth Ferguson_
Notary Public
My commission expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY & STRAUSS, L.L.C.
360 LEXINGTON AVENUE • 20th FLOOR
NEW YORK, NEW YORK 10017 • (212) 986-2233

SIMON 27956

# AFFIDAVIT OF CHARLES WHITE

I, Charles White, having been duly sworn, depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. I currently reside at ███████████████ Hollywood, MD 20636-2858. My social security number is ███████5981 and my date of birth is ████1942.

4. 

5. Among the products I recall working around is Kelly Moore Joint Compound from 1967-1968.

6. I have recalled the above information to the best of my knowledge.

7. This information is not meant to be all inclusive and may be supplemented in the future.

_____
Charles White

STATE OF:
COUNTY OF:

Subscribed and sworn to before me this 27 day of OCT, 2008.

_____
Notary Public
My commission expires: 8-17-09

SIMON 27627

## AFFIDAVIT OF CHARLES C. WHITE

I, Charles C. White, having been duly sworn depose and say:

1. I am over the age of twenty-one and understand the obligation of an oath.

2. I have personal knowledge of the facts hereinafter set forth.

3. My current address is ▉▉▉▉▉▉ Hollywood, MD 20636. My date of birth is ▉▉▉ 1942 and my social security number is ▉▉▉ 5981.

4. The affidavit I am about to give concerns my exposure to asbestos-containing products manufactured by U.S. Gypsum.

5. It is my best recollection that I used Durabond Joint Compound, Hi-Lite Acoustical Plaster, Perf-A-Tape Joint System, Imperial Plaster and Glatex Asbestos Cement Siding. I used these products during household renovations that I completed in the early to mid 1960s at my home located on 636 Crossland Drive, Chesapeake, VA.

6. Use of these products created dust, which I inhaled.

7. On or about February 19, 2006 I was diagnosed with mesothelioma.

8. I have recalled the above information to the best of my knowledge.

9. This information is not meant to be all inclusive and may be supplemented in the future.

_Charles C. White_
Charles C. White

State of: Maryland

County of: St marys

Subscribed and sworn to before me on this 25 day of SEPTEMBER, 2007.

_Elizabeth A Ferguson_
Notary Public
My Commission Expires: 8-17-09

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

SIMON 27639

## Attorney Declaration
## Verified Certification of In Personam Jurisdiction

I am Michael J. Mandelbrot, attorney for Claimant **Charles C. White, SSN: █████ 5981**. An asbestos-related claim has been submitted on behalf of Claimant with the Western Asbestos Settlement Trust.

I make this declaration in support of the Trust's requirement that Claimant could have commenced litigation seeking compensation for Claimant's asbestos related injury in a jurisdiction where one of the Debtors (Western Asbestos, Western Mac Arthur, or the Mac Arthur Company) was subject to in personam jurisdiction. The jurisdiction that Claimant's lawsuit could have been filed is **California.**

Jurisdiction in California is established by the fact that Claimant sailed and was exposed to asbestos on the following vessels which contained amphibole asbestos-containing materials which were originally supplied, installed and distributed in California by the Western Asbestos Company: ███████████ As a result, Claimant had standing to bring suit against Western Asbestos Company /Western Mac Arthur Co. / Mac Arthur Co. in California. Consequently, Claimant meets the in personam Jurisdiction requirement as stated in the Western Asbestos Company/ Western Mac Arthur Co. / Mac Arthur Co. Asbestos Personal Injury Settlement Trust Distribution Procedures Section 5.1.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed at Novato, California

*m. ~*

Michael J. Mandelbrot

Dated: March 10, 2010

SIMON 27922

## DECLARATION IN SUPPORT OF WESTERN ASBESTOS TRUST CLAIM

I, Barbara Lorton, declare the following to be true and correct.

1. I was born on ███ 1941 and am currently 68 years old.

2. I currently reside in Maryland.

3. I was married to Decedent Charles C. White. I have personal knowledge to the information below from extensive discussions with my husband about his work.

4. ███████████████████████████████████████

5. On 2/26/2006, Decedent Charles C. White was diagnosed with Mesothelioma caused by exposure to asbestos. ███████████████

6. ███████████████████████████████████████

7. ███████████████████████████████████████

Signed under the penalty of perjury under the laws of the State of Maryland.

Barbara Lorton    4-1-10
Name                        Date

SIMON 27923

# EXHIBIT 4

1  RON C. EDDINS (State Bar No. 243581)
   JENNIFER L. BARTLETT (State Bar No. 183154)
2  ROBERT A. GREEN (State Bar No. 216116)
   **SIMON, EDDINS & GREENSTONE LLP**
3  301 Ocean Boulevard, Suite 1950
   Long Beach, California 90802
4  Telephone: (562) 590-3400
   Facsimile: (562) 590-3412
5

6  Attorneys for Plaintiffs

7

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10

11  HOWARD ORNSTEIN and ROSELYN          Case No.  BC 388810
12  ORSNSTEIN,
                                          Assigned for all purposes to:
13              Plaintiff,                The Honorable Judith C. Chirlin
                                          Department 19
14

15                                        **PLAINTIFFS' RESPONSES TO**
        vs.                               **GENERAL ORDER STANDARD**
16                                        **INTERROGATORIES PROPOUNDED**
                                          **BY DEFENDANTS**
17  ALFA LAVAL, INC., et al.,
                                          **[Personal Injury, Set One]**
18              Defendants.
19

20
                                          Complaint Filed:  April 9, 2008
21                                        Trial Date:  No Trial Date

22  PROPOUNDING PARTY: DEFENDANTS

23  RESPONDING PARTY:  PLAINTIFF HOWARD N. ORNSTEIN and ROSELYN M.

24                     ORNSTEIN

25  SET:            ONE

26  I.    BACKGROUND

27  INTERROGATORY NO. 1:

28

                                    1

GST-EST-0512262

State your full name, present address, date and place of birth, social security number, height and weight, and, if you have a driver's license, the state of issuance and the number of that driver's license.

RESPONSE TO INTERROGATORY NO. 1:

**Name:**     **Howard N. Orstein**

**Address:**     ███████████, **Parkland, Florida 33067**

**Date/Place of Birth:**     ██████, **1939 – Paterson, N.J.**

**Social Security No.:**     ███**-5090**

**Drivers License State and Number:**     ████████**- Florida**

INTERROGATORY NO 2:

State any other name or names by which you have been known, including nickname(s), and the inclusive dates of use of that name or names.

**RESPONSE TO INTERROGATORY NO. 2:**

**Not applicable.**

INTERROGATORY NO 3:

State your former residence addresses for a period of 10 years prior to the date of these interrogatories, giving the dates during which you lived at each address.

**RESPONSE TO INTERROGATORY NO. 3:**

**Plaintiffs have resided at the same address for 20 years.**

INTERROGATORY NO. 4:

If you are married, state the name of your spouse, his/her age and present address, and the date and place of your marriage.

**RESPONSE TO INTERROGATORY NO. 4:**

**Name: Roselyn M. Ornstein**

**Age: 55**     **DOB:** ███**52**

**Address:**     ███████████, **Parkland, Florida 33067**

**Marriage Date/Place: August 2, 1970 – Torrance, California**

PLAINTIFFS' RESPONSE TO GENERAL ORDER STANDARD INTERROGATORIES

GST-EST-0512263

1 | INTERROGATORY NO. 5:

2 | State the names of any previous spouses, the dates and places of those marriages, and

3 | the circumstances under which those marriages were dissolved or terminated.

4 | **RESPONSE TO INTERROGATORY NO. 5:**

5 | **None**

6 | INTERROGATORY NO. 6:

7 | If your spouse is currently employed, state:

8 | a.    The name and address of his/her employer;

9 | b.    Whether he/she is employed on full or part time basis; and

10 | c.    The amount of his/her average weekly or monthly salary.

11 | RESPONSE TO INTERROGATORY NO. 6 a-c:

12 | **Not employed.**

13 | INTERROGATORY NO. 7:

14 | State the names, ages and present addresses of each of your children.

15 | **RESPONSE TO INTERROGATORY NO. 7:**

16 | 1)    **Name: Steven Ornstein – (Son)**

17 | **Age:  37**

18 | **Address:** ▮▮▮▮▮▮▮ **, Parkland, Florida 33076**

19 | 2)    **Name: Greg Ornstein  (Son)**

20 | **Age: 34**

21 | **Address:** ▮▮▮▮▮▮▮ **, Parkland, Florida 33067**

22 | INTERROGATORY NO. 8:

23 | If any children, relatives or other persons are financially dependent upon you, state with

24 | respect to each such person:

25 | a.    His/her full name and present residence address;

26 | b.    His/her relationship to you and degree of financial dependency upon you;

27 | c.    The amounts contributed from all sources to his/her support during the five years

28 | preceding your responses to these interrogatories; and

GST-EST-0512264

1      d.    The last year when he/she was claimed as a dependent by you for federal income

2  tax purposes.

3  **RESPONSE TO INTERROGATORY NO. 8 a-d:**

4      **None other than Roselyn M. Ornstein.**

5  INTERROGATORY NO. 9:

6      If any of the members of your immediate family (i.e. parents, siblings, children and

7  grandchildren are suffering or have suffered from any respiratory impairment, illness or

8  condition, identify each such person, specifying:

9      a.    The nature of that respiratory impairment (e.g., bronchitis, asthma, pneumonia);

10      b.    When that respiratory impairment first developed;

11      c.    Whether that respiratory impairment is totally or partially disabling; and

12      d.    Whether that respiratory impairment is or has been treated by any physician and,

13  if so, the name and address of that physician.

14  **RESPONSE TO INTERROGATORY NO. 9 a-d:**

15      **Not to Plaintiffs' knowledge.**

16  INTERROGATORY NO. 10:

17      If any of the members of your immediate family (i.e., parents, siblings, children, and

18  grandchildren) are suffering of or have suffered from any form of cancer, identify such

19  persons, specifying:

20      a.    The nature and site of that cancer;

21      b.    When that cancer first developed and/or was diagnosed; and

22      c.    The name and address of all treating or diagnosing physicians.

23  **RESPONSE TO INTERROGATORY NO. 10 a-c:**

24      **Not to Plaintiffs' knowledge.**

25  INTERROGATORY NO. 11:

26      If any member of your immediate family (i.e., parents, siblings, children, and

27  grandchildren) died because of cancer or a pulmonary condition or currently has a

28  pulmonary disease or cancer, state the following for each such person:

4

GST-EST-0512265

1      a.     The nature of his/her physical complaint and its duration;

2      b.     His/her name, address and relationship to you;

3      c.     If deceased, his/her age at the time of death and the detailed cause of death.

4 **RESPONSE TO INTERROGATORY NO. 11:**

5 ███████████████████████████████████████

  ███████████████████████████████████████

7 INTERROGATORY NO. 12:

8     State the year that you completed high school or state the highest-grade level you have

9 completed, together with the date completed, name and location of the school you attended.

10 **RESPONSE TO INTERROGATORY NO. 12 a-e:**

11     **Name: Lindsey Hopkins, Miami, Florida**

12     **Highest Grade Completed: 12**

13     **Year Completed: 1958**

14 INTERROGATORY NO. 13:

15     If you have received any education or vocational training or degrees in addition to your

16 response to the previous interrogatory state:

17      a.     The name and address of each school or other institution you attended;

18      b.     The dates you attended;

19      c.     The nature of the education and/or training you received; and

20      d.     The type of degree or certificate you received.

21 **RESPONSE TO INTERROGATORY NO. 13 a-e:**

22     **Plaintiff attended RETS in Miami, Florida in 1959 and obtained a certificate as an**

23 **Electronics Technician.**

24 INTERROGATORY NO. 14:

25     If you have been or are licensed by any agency, governmental or non-governmental, to

26 perform any profession, trade or occupation, state the following:

27      a.     The date the license was issued;

28      b.     The name and address of the agency issuing the license;

PLAINTIFFS' RESPONSE TO GENERAL ORDER STANDARD INTERROGATORIES

GST-EST-0512266

| 1 | c. | The profession, trade or occupation for which the license was issued; |

1    c.    The profession, trade or occupation for which the license was issued;

2    d.    Whether the license was revoked or suspended; and if so, the date and reason for

3  each revocation and suspension; and

4    e.    The amount of time you engage in the profession, trade or occupation, as

5  authorized by the license.

6  **RESPONSE TO INTERROGATORY NO. 14 a-g:**

7    **Plaintiff Howard Ornstein did have a Second Class FCC license issued by Federal**

8  **Communications.**

9  INTERROGATORY NO. 15:

10    If you have been convicted of a felony, state the date, place and nature of each felony

11  conviction.

12  **RESPONSE TO INTERROGATORY NO. 15:**

13    **No.**

14  INTERROGATORY NO. 16:

15    If you have ever been a member of the Armed Forces of the United States; state:

16    a.    The branch of service, your serial number, and the highest rank or grade you

17  held;

18    b.    The dates you began and ended your military service;

19    c.    The type of discharge you received;

20    d.    At what locations or on what ships you served, if any, and the dates of such

21  services;

22    e.    The specific nature of your duties at each of the above locations or ships.

23    f.    A description of the work environment at each of the above locations or ships;

24  and:

25    g.    Your veteran's administration number.

26  ///

27  **RESPONSE TO INTERROGATORY NO. 16 a-g:**

28

GST-EST-0512267

a.

b.

c.

d.

e.

f.

g.

INTERROGATORY NO. 17:

If you received or participated in any technical or vocational training as a member of the Armed Forces, state the type of training you received and the length of the training period.

**RESPONSE TO INTERROGATORY NO. 17:**

II.    EMPLOYMENT

INTERROGATORY NO. 18:

If you are presently employed, state:

    a.    The name and address of your present employer;

    b.    The name and address of your immediate superior, boss or foreman'

    c.    The nature of the work you do and your job title;

    d.    The number of hours, per week, you normally work;

    e.    The date of your employment began and your starting position if different from your current position;

    f.    Your present rate of pay; and

    g.    The average number of hours of overtime you work per month and the rate of pay you receive for overtime work.

GST-EST-0512268

**RESPONSE TO INTERROGATORY NO. 18:**

**Not applicable.**

INTERROGATORY NO. 19:

If you are not presently employed, describe the reason why.

**RESPONSE TO INTERROGATORY NO. 19:**

**Plaintiff has been retired since ▮▮▮▮.**

INTERROGATORY NO. 20:

If you are receiving any form of disability pension, state from whom it is received, the amount received on a weekly, monthly, or yearly basis, and the length of time during which you will continue to receive this pension

**RESPONSE TO INTERROGATORY NO. 20:**

**Not applicable.**

INTERROGATORY NO. 21:

List all occasions during the last ten years of your life on which you have lost time from work as a result of any of the following, and for each such loss indicate the amount of time lost and the reason for the lost time:

    a.    Illness;

    b.    Injury.

**RESPONSE TO INTERROGATORY NO. 21 a-b:**

**Plaintiff can not recall any such times.**

INTERROGATORY NO. 22:

If you have ever been discharged or voluntarily left a position due to health problems, state in detail the dates, names of employers, places of employment and circumstances surrounding each discharge or voluntary termination.

**RESPONSE TO INTERROGATORY NO. 22:**

**Plaintiff suffered from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which ultimately led to his retirement in ▮▮▮▮.**

GST-EST-0512269

1 | INTERROGATORY NO. 23:

2 | If you are or have ever been a member of any labor union, state for each union
3 | membership;

4 | a. The name, address and telephone number of the union, the union local or chapter
5 | number of each union, and your membership number, if any;

6 | b. The dates and time periods during which you maintained membership in each
7 | such union;

8 | c. All offices you have held or committee on which you have served, together with
9 | places and date; and

10 | d. The date or dates that your membership ended and the reason.

11 | **RESPONSE TO INTERROGATORY NO. 23 a-d:**

12 | **Not applicable.**

13 | INTERROGATORY NO. 24:

14 | Identify all past employers in whose employ you came into contact with chromium,
15 | cadmium, mercury, or beryllium, or materials, alloys or pigments containing any of these
16 | metals. Include in your answer for each such employer:

17 | a. Its name, address, telephone number; and

18 | b. Your job title and work description;

19 | c. The type, identity and extent of work with or exposure to each of these metals or
20 | materials with which you had contact;

21 | d. Whether your employer provided safety equipment to reduce or prevent
22 | exposure to these metals or materials and, if so, describe such equipment;

23 | e. Whether use by employees of the safety equipment referred in subpart (d) was
24 | required or recommended by your employer;

25 | f. Whether your employer provided showers for employees; and

26 | g. Whether your employer provided separate lockers for work and personal
27 | clothing.

28 | ///

GST-EST-0512270

1 **RESPONSE TO INTERROGATORY NO. 24 a-f:**

2     **Plaintiff is not aware of any such contacts.**

3 INTERROGATORY NO. 25:

4     Have you ever personally performed or worked adjacent to others performing any of

5 the following job duties: sandblasting; anodizing; electroplating; acid dipping; welding;

6 grinding, chipping, or sanding of metal; steel making; alloy manufacturing, smelting or other

7 steel-related industries; remelting of scrap metal products; jewelry making; engraving,

8 lithography, metal primer application? If so, state:

9     a.     The name, address, and telephone number of employer for whom you performed

10 these job duties or worked adjacent to others performing these job duties;

11     b.     Your job title and work description;

12     c.     The inclusive dates of your employment;

13     d.     The frequency with which you performed these job duties or worked adjacent to

14 others performing these job duties;

15     e.     The safety precautions and equipment, if any, which your employer made

16 available; and

17     f.     The safety precautions and equipment which you used while performing your

18 job duties.

19 **RESPONSE TO INTERROGATORY NO. 25:**

20     **Please see Plaintiff's Work History Sheet, which is attached hereto as Exhibit A,**

21 **for the dates of Plaintiff's employment and a description of the work he performed.**

22 **Plaintiff's investigation and discovery are continuing and Plaintiff reserves the right to**

23 **amend this response at any time.**

24 III.     EXPOSURE TO ASBESTOS

25 INTERROGATORY NO. 26:

26     For each product, material or compound (collectively referred to as "product") which

27 you contend contains asbestos allegedly manufactured, produced, prepared, distributed or sold

28

GST-EST-0512271

1  by any defendant named in this action or by its predecessors, subsidiaries, subdivisions or
2  affiliates, and which you claim to have been exposed to at any time.

3      a.    Describe each product as specifically as possible, including its trade name,
4  product type, asbestos content, color, packaging, and manufacturer, together with a detailed
5  description of when and how you become aware of this information;

6      b.    State the date(s) on which and places where you were exposed or your best
7  estimate thereof, together with the circumstances surrounding such exposure (i.e. were you
8  working with it or simply near an area where it is being used?) to the product;

9      c.    Describe all instructions, recommendations or warnings of any kind that
10  accompanied the product, together with the location(s) where this information appeared (e.g.,
11  printed on tag, tag covering, instruction sheet accompanying product, etc.);

12     d.    Describe all instructions and recommendations given to you regarding the
13  product by your employer or superior at any time, together with the name, job title, and
14  address of the person who gave you the information or recommendations and the date you
15  were given the instructions or recommendations;

16     e.    State the purpose for which you used the product; and

17     f.    State the date you first became aware that the product allegedly contained
18  asbestos, together with a detailed description of the circumstances by which you so became
19  aware.

20  **RESPONSE TO INTERROGATORY NO. 26 a-f:**

21      **a.    Please see Plaintiff's Work History Sheet, attached hereto as Exhibit "A".**
22  **Plaintiffs' investigation and discovery are continuing and Plaintiff reserves the right to**
23
24  **amend his response to this interrogatory at any time.**

25      **b.    Please see Plaintiff's Work History Sheet, attached hereto as Exhibit "A".**
26  **For further response, upon information and belief, Plaintiff states that, to the best of his**
27  **knowledge, the dates and locations of his exposure to asbestos-containing products are**
28

GST-EST-0512272

set forth in his response to General Order Standard Interrogatory No. 59, *infra*, which response is incorporated by reference as if fully set forth herein. Plaintiffs' investigation and discovery are continuing and Plaintiff reserves the right to amend his response to this interrogatory at any time.

c. Please see Plaintiff's Work History Sheet, attached hereto as Exhibit "A". For further response, upon information and belief, Plaintiff does not recall reading, hearing or otherwise receiving any warnings, written instructions or recommendations regarding the use or hazards of asbestos products, including the products to which he claims exposure in this case. Plaintiff recalls seeing instructions and warnings for other hazards either on the packaging of the product or in the technical manual. Plaintiffs' investigation and discovery are continuing and Plaintiff reserves the right to amend his response to this interrogatory at any time.

d. Please see Plaintiff's Work History Sheet, attached hereto as Exhibit "A". For further response, upon information and belief, Plaintiff states that his supervisors instructed him to refer to the technical manual for the proper operation, maintenance, and repair of equipment and to learn of potential hazards of that equipment. Plaintiffs' investigation and discovery are continuing and Plaintiff reserves the right to amend his response to this interrogatory at any time.

e. Please see Plaintiff's Work History Sheet, attached hereto as Exhibit "A". For further response, upon information and belief, all of the products to which Plaintiff claims exposure were used, to the best of Plaintiff's knowledge, in the course of his work, as set out in his Work History Sheet. Plaintiffs' investigation and discovery are

GST-EST-0512273

1  continuing and Plaintiff reserves the right to amend his response to this interrogatory at

2  any time.

3        f.      Plaintiff objects to this interrogatory on the grounds that it calls for the

4

5  disclosure of information protected by the attorney-client privilege.

6        Plaintiff's investigation and discovery are continuing and Plaintiff reserves the

7  right to amend his response to this interrogatory or any of its subparts at any time.

8  INTERROGATORY NO. 27:

9        If you have ever worked with asbestos manufactured, produced, prepared, distributed or

10  sold by any other entity not named as a defendant in this lawsuit, identify each such entity.

11  **RESPONSE TO INTERROGATORY NO. 27:**

12        **Upon information and belief, no.  Plaintiffs' investigation and discovery are**

13  **continuing and Plaintiff reserves the right to amend his response to this interrogatory at**

14  **any time.**

15  INTERROGATORY NO. 28:

16        If you believe you were ever exposed to asbestos other than at the time or locations

17  identified in your responses to interrogatories Nos. 26 and 27, state:

18        a.      The date(s) and place(s) of such exposure;

19        b.      The circumstances surrounding such exposure;

20        c.      The nature of the asbestos, the trade name of the asbestos product; if any, and

21  the name and address of their manufacturer;

22        d.      Describe what precautions you took, if any, to avoid exposure.

23  **RESPONSE TO INTERROGATORY NO. 28:**

24        **Upon information and belief, not applicable.  Plaintiffs' investigation and discovery**

25  **are continuing and Plaintiff reserves the right to amend this response at any time.**

26

27

28

GST-EST-0512274

**INTERROGATORY NO. 29:**

If any of your employers ever suggested or recommended that you should use any device to reduce your possible exposure to, or inhalation of, asbestos, state for each and every such employer:

    a.    Its name, address, and telephone number;

    b.    The date, time and place when the suggestion or recommendation was made, together with the a name, and employment position of the person making the suggestion or recommendation;

    c.    The name, address and telephone number of each person present when such suggestion or recommendation was made to or received by you;

    d.    The exact wording and content of the suggestion or recommendation;

    e.    Whether the suggestion or recommendation was written or oral; and

        1.    If written, identify in detail each such writing;

        2.    If oral, please set forth all persons involved and details as to the manner in which the suggestion or recommendation was presented;

    f.    The type, make and model of each device referred to in each suggestion or recommendation;

    g.    The nature of any action, if any, taken by you in response to the suggestions; and

    h.    A detailed description of your reasons for any response to the suggestions and recommendations, short of complete conformance thereto.

**RESPONSE TO INTERROGATORY NO. 29:**

**Plaintiff was not specifically warned about the hazards of working with and/or around asbestos-containing products and/or inhaling asbestos dust. He did not learn about the dangers associated with asbestos exposure until well after he had already been exposed to Defendants' asbestos-containing products.**

///

///

GST-EST-0512275

1  INTERROGATORY NO. 30:

2     If you have ever seen signs, warnings, labels, instructions, or safety precautions
3  pertaining to the use, storage, or disposal of asbestos or asbestos-containing products other
4  than as described in your answer to subpart (c) of Interrogatory No. 26, state:

5     a.     When and where you saw the signs, warnings, labels, instructions, or safety
6  precautions; and

7     b.     The nature of the signs, warnings, labels, instructions or safety precautions.

8  **RESPONSE TO INTERROGATORY NO. 30:**

9     **Upon information and belief, Plaintiff does not believe that he saw any such**
10 **warning on any of the asbestos-containing products that he used and/or to which he was**
11 **exposed. For further response, Plaintiff's response to Interrogatory No. 26 (c), *supra*, is**
12 **incorporated by reference as if fully set forth herein.**

13 IV.    INJURIES ALLEGEDLY RELATED TO ASBESTOS EXPOSURE

14 INTERROGATORY NO. 31:

15    If you contend that you have incurred any injuries as a result of exposure to asbestos,
16 describe separately and in complete detail each and every complaint, symptom, adverse
17 reaction or other injury (hereinafter collectively referred to as "symptom") which you contend
18 resulted from exposure. Include in your answer:

19    a.     The date, or if unknown, your best approximation of the date on which you first
20 began exhibiting each symptom;

21    b.     The progression, if any, of each symptom;

22    c.     The date each symptom ceased to affect you;

23    d.     The name, address, and telephone number of each physician to whom each
24 symptom was reported, together with the date each symptom was reported;

25    e.     What each physician told you was the cause of each symptom, together with the
26 date you were told this;

27    f.     Whether you have followed the medication or therapy regime prescribed by each
28 physician for the treatment of each symptom; and

GST-EST-0512276

1      g.     The names and addresses of any other physicians or practitioners subsequently

2  affirming or contradicting any diagnosis, as to the cause of each symptom together with the

3  date this affirmation or contradiction was made.

4  **RESPONSE TO INTERROGATORY NO. 31:**

5

**Plaintiff was diagnosed with mesothelioma on February 25, 2008.**

11

**records are available to Defendants**

22  **through subpoena.**

23  INTERROGATORY NO. 32:

24      If you have complained to anyone at any place of employment within the last ten years

25  of inability to perform the employment assigned to you, state the following for each such

26  complaint:

27      a.     The date you made the complaint;

28      b.     The nature of the complaint you made; and

GST-EST-0512277

1      c.     The name and address of your employer and the name of the person to whom
2 you made the complaint.

3 **RESPONSE TO INTERROGATORY NO. 32 a-c.:**

4     **Not applicable.**

5 INTERROGATORY NO. 33:

6     If you have ever had any reason to believe or suspect that your complaints, symptoms,
7 adverse reactions or injuries described in Interrogatory No. 31 may have been caused by
8 factors other than exposure to asbestos (including, but not limited to, smoking, heart disease,
9 exposure to lung irritants other than asbestos, or pulmonary diseases such as emphysema,
10 pneumonia, asthma, or bronchitis), state:

11     a.     The other factors or reasons you believe or suspect are involved;

12     b.     The names, addresses and telephone numbers of any physicians who indicated
13 that other factors or reasons could be involved; and

14     c.     The dates those physicians told you that they believed or suspected that other
15 factors or reasons might be involved.

16 **RESPONSE TO INTERROGATORY NO. 33:**

17     **Upon information and belief, not applicable.**

18 INTERROGATORY NO. 34:

19     If you claim that injuries you have sustained from asbestos exposure have limited or
20 adversely affected your ability to work in any way, state the following:

21     a.     The nature of the limitation, when it began, and how it has progressed; and

22     b.     The change, if any, in your job duties as a result of the limitation.

23 **RESPONSE TO INTERROGATORY NO. 34 a-b:**

24     **Plaintiff was retired at the time of diagnosis.**

25 INTERROGATORY NO. 35:

26     If you claim that injuries you have sustained from asbestos exposure have limited or
27 adversely affected your non-occupational lifestyle and activities, state the nature of the
28 limitation or change, when it began, and how it has progressed.

PLAINTIFFS' RESPONSE TO GENERAL ORDER STANDARD INTERROGATORIES

GST-EST-0512278

1 **RESPONSE TO INTERROGATORY NO. 35:**

2 [redacted]

15 V.     SMOKING HISTORY

16 INTERROGATORY NO. 36:

17     If you have ever used tobacco products of any type, state fully and in detail:

18     a.     The type of tobacco product you have used;

19     b.     Whether you inhaled the smoke;

20     c.     The daily frequency with which you smoke or have smoked;

21     d.     The dates and time periods during which you have smoked;

22     e.     For any time period during which you ceased use tobacco products, your reasons

23 for stopping;

24     f.     For any time period that you commenced using tobacco products after a period

25 of having stopped, your reasons for beginning again;

26     g.     If you have smoked cigarettes, state the brand name and the average number of

27 packs smoked per day for each year you have smoked, together with the inclusive dates you

28

GST-EST-0512279

1 | have smoked cigarettes (e.g. Lucky Strikes; one pack per day between 1930 and 1931, two
2 | packs per day between 1931 and 1960; 1930-1960);

3 |     h.     If you have smoked cigarettes, whether they were or are filtered or unfiltered;

4 |     i.     If you have ever been advised by any physician to stop smoking or to stop using
5 | other tobacco products and, if so, the date and the name and address of each physician who
6 | gave any such advice, and whether you followed such advice;

7 |     j.     If you have ever been advised by any physician that you suffered from any
8 | illness, disease or physician condition as a result of smoking or the use of other tobacco
9 | products, and if so, the date, and the name and address of each physician who gave such
10 | advice.

11 | **RESPONSE TO INTERROGATORY NO. 36**:

12 | **Please see Plaintiff's smoking history attached hereto as Exhibit E.**

13 | INTERROGATORY NO. 37:

14 |     If you have ever given a smoking history to a physician, nurse, insurance carrier,
15 | worker's compensation board, or employer that is inconsistent in any way with the smoking
16 | history given in response to the previous interrogatory state:

17 |     a.     The date the inconsistent smoking history was given;

18 |     b.     The name and address of the individual or entity to whom the inconsistent
19 | smoking history was given;

20 |     c.     The discrepancy between the inconsistent smoking history and the smoking
21 | history given in response to the previous interrogatory; and

22 |     d.     The reason for the inconsistency.

23 | **RESPONSE TO INTERROGATORY NO. 37:**

24 | **Not applicable.**

25 | VI.     DAMAGES

26 | INTERROGATORY NO. 38:

27 |

28 |

GST-EST-0512280

1  State the total hospital expenses, if any, that you have incurred to date as a result of the
2  injuries, complaints, etc., which you attribute to your alleged exposure to asbestos, itemizing
3  each charge, if more than one hospital is involved.

4  **RESPONSE TO INTERROGATORY NO. 38:**

5  ████████████████████████████████████████████████████████████

████████████████████████████████████████ **For further response,**

7  **Plaintiff defers to his medical records, which Authorizations for the Release of records,**
8  **including medical records are enclosed herewith. Pursuant to General Order No. 23, the**
9  **medical, imaging, and billing records presently within Plaintiffs' possession, custody and**
10 **control can be obtained from our record service by contacting them as follows: Written**
11 **Deposition Service , 1750 Valley View Lane, Suite 210, Dallas, TX  75234, 972-488-5555**
12 **x  236 (Ornstein, Howard). Additionally, Plaintiffs records are available to Defendants**
13 **through subpoena.**

14 INTERROGATORY NO. 39:

15  State the total medical expenses (other than hospitalization) which you have incurred,
16 or which has been incurred on your behalf, to date, as a result of the injuries, complaints, etc.,
17 which you attribute to your alleged exposure to asbestos, itemizing each such charge.

18 **RESPONSE TO INTERROGATORY NO. 39:**

19 ████████████████████████████████████████████████████████████

████████████████████████████████████████ **For further response,**

21 **Plaintiff defers to his medical billing records, which Authorizations for the Release of**
22 **records, including billing are enclosed herewith. Pursuant to General Order No. 23, the**
23 **medical, imaging, and billing records presently within Plaintiffs' possession, custody and**
24 **control can be obtained from our record service by contacting them as follows: Written**
25 **Deposition Service , 1750 Valley View Lane, Suite 210, Dallas, TX  75234, 972-488-5555**
26 **x  236 (Ornstein, Howard). Additionally, Plaintiffs records are available to Defendants**
27 **through subpoena.**

28

PLAINTIFFS' RESPONSE TO GENERAL ORDER STANDARD INTERROGATORIES

GST-EST-0512281

1 INTERROGATORY NO. 40:

2     If any person has contributed any money, goods, services, or benefits of any kind,
3 during the previous ten years for the support of either yourself or your spouse, identify each
4 such person, and, in addition, state:

5     a.     Their relationship to you;

6     b.     If deceased, the date and place of their death; and

7     c.     The nature and amount of any money, goods, services or benefits contributed to
8 the support of yourself or your spouse, together with dates on which or during which such
9 support was received.

10 **RESPONSE TO INTERROGATORY NO. 40:**

11     **Not applicable.**

12 INTERROGATORY NO. 41:

13     If any insurance company, union, or other person, firm or corporation has paid for or
14 reimbursed you or anyone on your behalf for, or has become obligated to pay for or reimburse
15 you or anyone on your behalf for, any medical or hospital expense incurred by the alleged
16 exposure to asbestos, list such expenses, itemizing the dates incurred, the nature of such
17 expense, and the name and address of the insurance company, union person, firm or
18 corporation who or which has paid or is obligated for the payment for, or reimbursement for,
19 said expenses.

20 **RESPONSE TO INTERROGATORY NO. 41:**

21     **Plaintiff has medical insurance through Medicare and ARRP. For further**
22 **information, Plaintiff defers to his medical records, which Authorizations for the Release**
23 **of records, including medical billing records are enclosed herewith. Pursuant to General**
24 **Order No. 23, the medical, imaging, and billing records presently within Plaintiffs'**
25 **possession, custody and control can be obtained from our record service by contacting**
26 **them as follows: Written Deposition Service , 1750 Valley View Lane, Suite 210, Dallas,**

27

28

GST-EST-0512282

1 **TX 75234, 972-488-5555 x 236 (Ornstein, Howard). Additionally, Plaintiffs records are**
2 **available to Defendants through subpoena.**

3 INTERROGATORY NO. 42:

4     If you claim you have suffered any wage or earning loss as a result of your alleged
5 exposure to asbestos, state:

6     a.     The amount of time lost from work or employment, together with the date(s)
7 involved and the name and address of the employer;

8     b.     The gross amount of salary or earnings which you received from each payday,
9 stating the intervals of such paydays;

10     c.     The gross amount of salary or earnings actually lost;

11     d.     Of the total sum stated in the response to subpart (c) of this interrogatory, the
12 amount that would be your net take-home pay after deduction of taxes and all other authorized
13 deductions;

14     e.     If self-employed, state the total time lost from business, listing the dates
15 involved and the gross financial loss to you, stating the nature of such loss and how incurred;
16 and

17     f.     Of the total sum stated in response to subpart (e) of this interrogatory, the
18 amount that would be your net loss after deduction of taxes.

19 **RESPONSE TO INTERROGATORY NO. 42 a-f:**

20     **Plaintiff was retired at the time of his diagnosis.**

21 INTERROGATORY NO. 43:

22     If you have incurred any expense or financial loss, including property damage, other
23 than as listed above, which you attribute in any degree to your exposure to asbestos, state such
24 financial losses, expenses and property damage, giving the dates incurred, the amount
25 involved, and the nature of each such expense or loss.

26 **RESPONSE TO INTERROGATORY NO. 43:**

27

PLAINTIFFS' RESPONSE TO GENERAL ORDER STANDARD INTERROGATORIES

GST-EST-0512283

1 ████████████████████████████████████████████████████████ **These**

2 **expenses began accruing shortly after Plaintiff's diagnosis of malignant mesothelioma,**

3 **are ongoing, continuing to accrue and will be subject to proof at trial. Plaintiffs'**

4 **investigation and discovery are continuing and Plaintiff reserves the right to amend this**

5 **response at any time**.

6 INTERROGATORY NO. 44:

7     If any insurance company, union or other person, firm or corporation has paid for or

8 reimbursed you for, or has become obligated to pay for or reimburse you or anyone on your

9 behalf for, any sums or money (excluding medical or hospital expenses) to provide any of the

10 following: disability or other benefits, loss of earnings, property damage or any other item

11 resulting from the alleged exposure to asbestos, state:

12     a.     The sum or sums of money expended, itemizing the dates incurred;

13     b.     The nature of the obligation giving rise to the payment or reimbursement; and

14     b.  The name and address of the insurance company, union or other person, firm or

15     corporation, which has paid for, or is obligated for payment or reimbursement

16     for, such sums of money.

17 **RESPONSE TO INTERROGATORY NO. 44 a-c:**

18     **Plaintiff has medical coverage through Medicare and ARRP. For further response,**

19 **Plaintiff defers to his medical records. Please see Plaintiff's List of Physicians and his**

20 **List of Hospitals, which are attached hereto as Exhibits B and C, respectively. Plaintiffs**

21 **attach hereto as Exhibit F copies of the medical records they have obtained to date.**

22 **Authorizations for the Release of Records, including medical records, are attached**

23 **hereto as Exhibit D. Pursuant to General Order No. 23, the medical, imaging, and**

24 **billing records presently within Plaintiffs' possession, custody and control can be**

25 **obtained from our record service by contacting them as follows: Written Deposition**

26 **Service, LP, 1750 Valley View Lane, Suite 210, Dallas, TX 75234 (972)-488-5555**

27 **(Ornstein, Howardlen). Additionally, Plaintiffs' records are available to Defendants**

28

GST-EST-0512284

**through subpoena. Plaintiffs' investigation and discovery are continuing and Plaintiff**

**reserves the right to amend this response at any time.**

INTERROGATORY NO. 45:

If you claim any damages for pain and suffering, state:

a.    The amount of damages so claimed;

b.    The extent, duration, intensity and nature of the pain and suffering;

c.    The specific cause of such pain and suffering;

d.    The treatment, if any, prescribed for relief of such pain and suffering and the name and address of each person prescribing such treatment;

e.    All drugs used for the relief of pain or other symptoms of the diseases alleged, specifically identifying the precise name of the drug, precise quantity prescribed for each dose and the number of doses or applications of all such drugs;

f.    Provide the information sought in subpart (e) of this interrogatory with respect to all medicines other than drugs.

**RESPONSE TO INTERROGATORY NO. 45 a-f:**

a.    **Plaintiff believes this should be determined by the jury in this case and therefore defers to the empanelled jury to determine the appropriate amount of damages. It is believed that the evidence will support a verdict for damages in the amount of $6,000,000.00 to $12,000,000.00, or more.**

b.

1

███████████████████████████████████████

███████████████. **Plaintiffs' investigation and discovery are continuing and Plaintiff**

4 **reserves the right to amend this response at any time.**

5    c.    **Malignant mesothelioma.**

6    **d-f.**    ████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████.

10 VII.    KNOWLEDGE RE ASBESTOS

11 INTERROGATORY NO. 46:

12    If you ever received newspapers, newsletters or any other publications which discussed

13 the subject of worker exposure to asbestos, state:

14    a.    The name and type of publication;

15    b.    The date or dates that you recall such publication discussing the subject of

16 asbestos and the nature of said discussion. .

17 **RESPONSE TO INTERROGATORY NO. 46:**

18    **Plaintiff does not recall reading any publication that discussed the extent of the**

19 **hazards associated with exposure to or inhalation of asbestos.**

20 INTERROGATORY NO. 47:

21    If you have ever attended any international or local union meetings, seminars,

22 conferences or conventions where the subjects of occupational health and, in particular,

23 exposure to asbestos was discussed, state:

24    a.    The date and place of each such meeting, seminar, conference or convention;

25    b.    Your reason and/or official capacity for attending;

26    c.    The name and address of the speaker or speakers;

27    d.    A summary of the information presented concerning exposure to asbestos; and

GST-EST-0512286

1    e.    The names and addresses of any person with whom you discussed the
2  information presented.

3  **RESPONSE TO INTERROGATORY NO. 47:**

4    **Not applicable.**

5  INTERROGATORY NO. 48:

6    If you have ever been informed by any person in your local or international union of
7  any possible hazards associated with exposure to asbestos, state:

8    a.    The name and address of the individual(s) who furnished you with such
9  information;

10    b.    The date and place such information was furnished;

11    c.    The manner in which such information was communicated to you;

12    d.    The nature of such information furnished;

13    e.    What action, if any, you took in response to such information.

14  **RESPONSE TO INTERROGATORY NO. 48:**

15    **Not applicable.**

16  INTERROGATORY NO. 49:

17    If you have ever completed, in whole or in part, or been requested to complete a
18  questionnaire provided to you by any labor union, relating to the subjects of occupational
19  health and/or exposure to asbestos, state as to each questionnaire:

20    a.    The date you received the questionnaire;

21    b.    The date you completed the questionnaire;

22    c.    The name of the union providing the questionnaire;

23    d.    The name and address of the individual, union or entity to whom the
24  questionnaire was returnable;

25    e.    Whether or not you possess a copy of the questionnaire as completed by you;

26    f.    The name and address of each individual, union or entity possessing a copy of
27  your completed questionnaire.

28

GST-EST-0512287

1 **RESPONSE TO INTERROGATORY NO. 49:**

2     **Not applicable.**

3 INTERROGATORY NO. 50:

4     If you have ever received "dirty" pay, "dusty" pay, "asbestos" pay or any other similar

5 additional compensation from any employer, state the name and address of the employer and

6 dates of such payment.

7 **RESPONSE TO INTERROGATORY NO. 50:**

8     **Not applicable.**

9 INTERROGATORY NO. 51:

10     Did you at any time receive, have knowledge of, or possess a tangible copy of any

11 advice, publication, warning, order, directive, requirement or recommendation, whether

12 written or oral, which purported to:

13     a.     Advise or warn you of the possible harmful effects of exposure to, or inhalation

14 of, asbestos; or

15     b.     Advise or recommend as to techniques, methods, or equipment which would

16 serve to reduce or guard against such potentially dangerous exposure?

17 **RESPONSE TO INTERROGATORY NO. 51:**

18     **Plaintiff objects to this interrogatory on the grounds that it calls for the disclosure**

19 **of information protected by the attorney-client privilege and/or the attorney work-**

20 **product doctrine. Subject to these objections and without waiving the same, please**

21 **Plaintiff's response to Interrogatory Nos. 26 (c), 30 and 47, *supra*, which are**

22 **incorporated by reference as if fully set forth herein.**

23 INTERROGATORY NO. 52:

24     If your response to the preceding interrogatory is yes, please state:

25     a.     The nature and exact wording of such advice, warning, recommendation, etc.;

26     b.     The complete identify of each source of such advice, warning, recommendation,

27 etc.; and

28

GST-EST-0512288

1      c.      The date, time, place, manner and circumstances when each such advice,
2 warning, recommendation, etc., was given, and to whom it was given.

3 **RESPONSE TO INTERROGATORY NO. 52:**

4      **Plaintiff objects to this interrogatory on the grounds that it calls for the disclosure**
5 **of information protected by the attorney-client privilege and/or the attorney work-**
6 **product doctrine.**   **Subject to these objections and without waiving the same, please**
7 **Plaintiff's response to Interrogatory Nos. 26 (c), 30 and 47, *supra*, which are**
8 **incorporated by reference as if fully set forth herein.**

9 VII.    PRIOR AND SUBSEQUENT CLAIMS AND LITIGATION

10 INTERROGATORY NO. 53:

11      If you have ever made a claim for personal injury or filed an action or proceeding in
12 any court of other forum, other than in the present matter, please state:

13      a.      The nature of such injury or injuries;

14      b.      The date when such injury or injuries were sustained in each instance, the place
15 of occurrence, and the nature of the incident or accident causing the injury;

16      c.      The names and addresses of all persons and companies to whom such claims
17 were made;

18      d.      The present status of such claims (pending, settled, dismissed, etc.,);

19 **RESPONSE TO INTERROGATORY NO. 53:**

20      **Not to plaintiff's knowledge.**

21 INTERROGATORY NO. 54:

22      If you have ever filed a claim in order to receive benefits from either F.E.L.A.,
23 F.E.C.A., L.H.W.C.A. or the State of California (or any other state) Workers' Compensation
24 Fund for an occupational injury, including, but not limited to, one arising out of exposure to
25 asbestos, for each claim state:

26      a.      The date the claim was filed;

27      b.      The basis for the claim;

28      c.      The organization to whom the claim was presented;

GST-EST-0512289

| | | |
|---|---|---|
| 1 | d. | The present status of the claim; |
| 2 | e. | Whether you have received benefits as a result of the claim; |
| 3 | f. | The amount of any benefit received; and |
| 4 | g. | The date you first received such benefits. |

5 **RESPONSE TO INTERROGATORY NO. 54:**

6     **Not to Plaintiff's knowledge.**

7 IX.    INSURANCE

8 INTERROGATORY NO. 55:

9     Identify all insurance policies by which you are currently covered, including health,
10 life, disability or accident insurance. As to each, state fully and in detail:

| | | |
|---|---|---|
| 11 | a. | The name and address of each insurance carrier and number; |
| 12 | b. | The amount of insurance coverage provided by the policy; |
| 13 | c. | The name and address of the person or entity having possession of the policy; |
| 14 | d. | The name and address of the person or entity having possession of the policy; |
| 15 | e. | The named insured of the insured policy; |
| 16 | f. | The type of policy; |

17     g.    The date and place of any medical examination you underwent incidental to
18 applying for, obtaining or retaining the policy;

19     h.    The name of the physician or other medical personnel conducting any
20 examination identified in response to subpart (g);

| | | |
|---|---|---|
| 21 | i. | The results or findings of any such examination; and |
| 22 | j. | The identity of any written reports or other documents prepared with respect |
| 23 | | to any such examination; |

24 **RESPONSE TO INTERROGATORY NO. 55 a-j:**

25     **a-f.    Plaintiff has medical coverage through Medicare and ARRP. For further**
26 **response, Plaintiff defers to his medical records, which Authorizations for the Release of**
27 **records, including medical billing records are enclosed herewith. Pursuant to General**
28 **Order No. 23, the medical, imaging, and billing records presently within Plaintiffs'**

GST-EST-0512290